IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-51-TAV-JEM |
| DANIEL MICHAEL ROSE, | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Defendant Daniel Rose is charged by Indictment with being a felon in possession of firearms and ammunition (Count One), possession of 400 grams or more of a substance containing fentanyl with intent to distribute (Count Two), and possession of a firearm in furtherance of drug trafficking (Count Three), all allegedly occurring on January 20, 2023 [Doc. 1 pp. 1–2].

This case is now before the Court on Defendant Rose's six nondispositive motions:[1]

1. Motion for Bill of Particulars [Doc. 33] and supporting memorandum [Doc. 34];

2. Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 35];

3. Motion to Re[quire] the Government to Reveal Any Agreements with or Concessions to Witnesses that May Influence Their Testimony [Doc. 38];

4. Motion for Disclosure of Material Witnesses [Doc. 39];

---

[1] Defendant also has two dispositive motions: a motion to suppress evidence seized during execution of a search warrant also alleging *Franks* issues [Docs. 42 & 63] and a motion to suppress his statements to law enforcement [Doc. 66]. The undersigned will address these motions in a separate report and recommendation.

5. Motion for Disclosure of Impeaching Information and Memorandum in Support of Motion [Doc. 40]; and

6. Motion for Pretrial Production of Witness Statements [Doc. 41].

The Government responded to each motion [Docs. 43, 44, 47, 48 & 49]. The parties also appeared and provided oral argument on these motions on December 2, 2024.[2] These matters are now ripe for the Court's consideration. For the reasons set forth below, the Court **DENIES** each of Defendant Rose's motions [**Docs. 33, 35, 38, 39, 40 & 41**].

I.     **BILL OF PARTICULARS [Doc. 33]**

Defendant asks the Court to order the Government to provide a bill of particulars specifying the following:

1. Regarding Counts One and Three, (a) identify the firearms and ammunition[3] charged and (b) state whether the Government intends to rely upon a theory or theories of actual, constructive, or joint possession; and

2. Regarding the controlled substance charged in Count Two, state whether Government intends to rely upon a theory or theories of actual, constructive, or joint possession

[Doc. 33 pp. 1–2]. Defendant contends particularization of these details is necessary for preparation of a full defense, preventing or minimizing surprise at trial, and protecting against subsequent prosecution for the same offense [*Id.* at 1]. He asserts that this information is not stated in the Indictment or provided in discovery [Doc. 34 pp. 1, 4].

---

[2]     At the December 2 hearing, Defendant agreed that his Motion for Disclosure of All Statements which the Government Will Seek to Attribute to the Defendant [Doc. 36] is moot. Following the hearing, the undersigned found this motion to be moot [Doc. 74].

[3]     At the December 2 hearing, Defendant moved the Court to require the Government to specify which ammunition forms the basis for Count One.

The Government responds that its detailed discovery disclosures place Defendant on notice of the firearms and ammunition that form the basis of Counts One and Three, that the specific firearm alleged is not an element of the offenses charged in Counts One and Three, and that a bill of particulars is not a vehicle for Defendant to obtain its theories of the case [Doc. 43 pp. 1, 4–5].

At the motion hearing, defense counsel argued that law enforcement found three firearms during the search of the residence: a 410 shotgun, an AM-15 handgun, and an LC9 pistol. He stated that Sierra Netherland told the officers that the shotgun belonged to a member of her family, and the officers left the shotgun at the residence. Mr. Stone said the officers seized the AM-15 handgun from a bedroom and the LC9 pistol from a safe for which they had a search warrant. He related that despite his review of the discovery, he could not determine which of the firearms the Government will use at trial. Defense counsel argued that particularization of the Government's theory of possession of the firearms and controlled substance is also necessary because Sierra Netherland owned the residence.

AUSA Svolto asserted that a bill of particulars is not necessary because the Government provided interstate nexus reports on the seized firearms in supplemental discovery. She stated that the shotgun was not seized and is not part of this case.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). An indictment may allege the charges using the words of the statute itself if it gives all the elements

of the offense "fully, directly, and expressly." *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079. The statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *Landham*, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citation omitted). In contrast, it is not intended to be "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.* (citations omitted). The granting of a bill of particulars is within the Court's discretion. *Id.* The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. *Id.* In addition, "'a defendant is not entitled to a bill of particulars with respect to information which is available through other sources.'" *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other gnds by stat.*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000))).

Here, the Court finds the Indictment is sufficiently specific to inform Defendant of the nature of the charges he faces and to permit him to prepare for trial. From the face of the Indictment, one can understand that the Government intends to prove at trial that Defendant, who has a prior felony conviction, possessed firearms and ammunition on January 20, 2023, and did so

4

in furtherance of drug trafficking [Doc. 1]. It also intends to prove that Defendant possessed 400 grams or more of fentanyl on that date with the intent to distribute the same [*Id.*].

The type of firearm or ammunition possessed is not an element of either 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 924(c). *See United States v. Cundiff*, No. 3:22-cr-57-RGJ, 2024 WL 3527245, at *2 (W.D. Ky. July 24, 2024) (denying bill of particulars for identity of firearm because government "need not . . . identify the specific firearm possessed by a defendant" for a conviction under § 924(c)) (citations omitted); *see also United States v. Jones*, No. 3:11–CR–59, 2011 WL 7082488, at *2 (E.D. Tenn. Dec. 29, 2011) (finding that the type of firearm possessed is not an essential element of § 922(g)(1) (citing *United States v. Smith*, 27 F. App'x 577, 581 (6th Cir. 2001)), *report & recommendation adopted by* 2012 WL 195314 (E.D. Tenn. Jan. 23, 2012)). Moreover, at the motion hearing AUSA Svolto stated that the Government disclosed the interstate nexus reports to Defendant in discovery and these reports show the firearms on which the Government will rely at trial. As a practical matter, the "fact that the Government must prove the interstate commerce nexus element as to any firearm used as evidence [for a § 922(g)(1) conviction] virtually eliminates the possibility that the Government will seek to prove some firearm previously unmentioned in discovery and minimizes or eliminates any prospect of surprise at trial." *Jones*, 2011 WL 7082488, at *2.

Finally, a bill of particulars is not a means for Defendant to learn the Government's theory of the case, such as whether it will seek to prove that he actually, constructively, or jointly possessed the firearms, ammunition, or fentanyl. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) ("The bill of particulars is not intended as 'a means of learning the government's evidence and theories.'" (citation omitted)).

Accordingly, the Court will **DENY** Defendant's Motion for Bill of Particulars [**Doc. 33**].

5

## II.    EARLY DISCLOSURE OF RULE 404(b) EVIDENCE [Doc. 35]

Defendant asks the Court to Order the Government to disclose the following information relating to other crimes, wrongs, or bad acts, i.e., "404(b) evidence":

> (1) The details of the act, whether it will be proven through a document or witness testimony, whether it is the subject of pending charges, and the element of the crime for which the act is offered as proof;
>
> (2) If the act will be introduced through a document, the identity of the document and its availability for inspection and copying; and
>
> (3) The identity of any witness who will testify about other acts or crimes or lay the foundation for an exhibit on the same along with a summary of the witness's proposed testimony and information bearing upon the witness's credibility.

[Doc. 35 pp. 1–2]. Defendant contends that pretrial production of this information is necessary for him to prepare to meet this evidence and seek its exclusion if appropriate [*Id*. at 2].

The Government responds that it intends "to provide reasonable notice" of the "general nature" of any 404(b) evidence at least seven days before trial as required by the Court's Order on Discovery and Scheduling [Doc. 44 p. 1]. It states that it is not aware of any 404(b) evidence at this time, but it objects to notice earlier than seven days before trial [*Id.*].

At the December 2 hearing, defense counsel asked for notice of 404(b) evidence thirty days before trial. He noted one example of potential 404(b) evidence is that he was a suspect in the theft of a firearm found at the Dodson Avenue address. He argued that seven days is insufficient time for Defendant to challenge 404(b) evidence. Government's counsel responded that notice seven days before trial is sufficient, particularly when, as here, Defendant is aware of the other acts, such as the theft of a firearm, and his criminal history, which it outlines in its response to his motion to dismiss.

Federal Rule of Evidence 404(b)(3) requires the government to do the following in a criminal case:

> (A) provide reasonable notice of any [other crime, wrong, or act] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). The Court's Order on Discovery and Scheduling states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court orders otherwise [Doc. 11 ¶ I]. The deadline for filing motions in limine is currently set for April 7, 2025, which is three weeks and one day before trial [*See* Doc. 62 p. 3].

The Court agrees with the Government that Defendant is aware of the salient potential 404(b) evidence in this case and, thus, can file motions in limine seeking to exclude this evidence. Thus, disclosure of 404(b) evidence thirty days before trial is not necessary in this case. Instead, the Court continues to require the Government to provide written notice in conformity with Federal Rule of Evidence 403(b)(3), including notice of "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose" as required by subsection (B), seven days before trial.

Accordingly, the Court **DENIES** Defendant's motion for notice of 404(b) evidence thirty days before trial [**Doc. 35**].

## III. IMPEACHMENT EVIDENCE [Docs. 38 & 40] & WITNESS STATEMENTS [Doc. 41]

In a series of three motions, Defendant moves the Court to order the Government to produce before trial information bearing upon the credibility of its witnesses ("impeachment evidence") [Docs. 38 & 40] and any prior statements of witnesses ("Jencks material") [Doc. 41]. Impeachment evidence includes the substance of "all statements, agreements, offers, inducements or discussions" with the Government's witnesses or their counsel promising "leniency, compensation, assurance not to prosecute," refraining from prosecution of some counts, bringing lesser charges, offering downward departures in sentencing, or "any other offer or benefit . . . in exchange for [the witness's] cooperation, assistance, or testimony" in this case [Doc. 38 p. 1]. Impeachment evidence also includes the criminal history and bad acts of Government witnesses; "consideration" offered to witnesses in any criminal, civil, tax, or administrative matter; pending investigations or prosecutions of Government witnesses; prior instances in which the witness has testified with regard to this investigation or given statements or testified on any matter; personnel records of law enforcement witnesses or witnesses who are Government employees; or any other information that is "useful to the defense in impeaching [G]overnment witnesses" [Doc. 40 pp. 1–3]. Defendant contends the pretrial production of impeachment evidence protects his rights to due process and fundamental fairness [Doc. 38 p. 2] and is necessary to allow effective preparation for trial and to promote judicial economy [Doc. 40 pp. 5, 7]. Defendant also seeks pretrial production of any witness's statements to allow counsel to review them and prevent delay at trial [Doc. 41 p. 1].

The Government responds that it will provide exculpatory material as soon as it becomes aware of it and will provide impeachment and Jencks material the Friday before trial is scheduled

to begin [Doc. 47 p. 3; Doc. 49 p. 4]. It asserts that earlier disclosure is not required as a matter of law, nor has Defendant stated a reason warranting earlier disclosure in this case [*Id.* at 1, 3–4].

The discovery available in criminal cases is generally limited to that provided in: (1) Federal Rule of Criminal Procedure 16; (2) the Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant; the defendant's prior record; any documents or tangible evidence within the government's possession, custody or control; reports of examinations or tests; and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). The government is required to produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a). Finally, under *Brady*, the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." 373 U.S. at 87. This rule also extends to evidence that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (holding that impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or innocence").

In *United States v. Presser*, the Sixth Circuit found that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant's constitutional rights are not violated. 844 F.2d 1275, 1283 (6th Cir. 1988). Further, the Sixth Circuit observed that "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or

9

punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Id*. at 1281 (internal citations omitted). In this case, the Court's Order on Discovery and Scheduling provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 11 ¶ E].

Considering Sixth Circuit law and this Court's Order on Discovery and Scheduling, the Court will not compel pretrial discovery where the Government has already conceded that it is aware of its obligations under *Brady* and *Giglio*, and Defendant has failed to establish that any of these rules require disclosure of the requested material at this time, or earlier than proposed by the Government. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser*, 844 F.2d at 1281 ("'[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'" (quoting *Bagley*, 473 U.S. at 675)).

Accordingly, the Court **DENIES** Defendant's motions for early disclosure of impeachment evidence and Jencks material [**Docs. 38, 40 & 41**].

IV.     **MATERIAL WITNESSES [Doc. 39]**

Pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), Defendant Rose moves the Court to require the Government to inform defense counsel, in writing, of the names and addresses of

anyone known to the Government or to law enforcement to have been present at the times and places of the offenses alleged in the Indictment [Doc. 39 p. 1]. Defendant does not elaborate on this request [*See id*.].

While acknowledging that the Court has discretion to order production of a witness list under appropriate circumstances, the Government asserts that Defendant provides no justification to support his request [Doc. 48 pp. 3–4]. It also argues that applicable case law calls for the denial of his motion given the circumstances of this case [*Id*. at 4–5]. Those circumstances are that it has provided Defendant Rose with "detailed discovery which identifies individuals present at the time of the charged offenses" and that Defendant has approximately eighteen months[4] to review discovery, which, although extensive, is digitized and clearly organized, and to prepare for trial [*Id*. at 5]. The Government also opposes pretrial disclosure of a witness list because this "case presents a potential for violence" because it "involves multiple firearms—including a stolen firearm—along with drug trafficking activity[,]" which raises safety concerns for potential witnesses [*Id*.]. The Government contends that its intended provision of Jencks materials the Friday before trial will prevent delay at trial while assuring the safety of its witnesses [*Id*.].

Rule 16 of the Federal Rules of Criminal Procedure governs discovery in criminal cases. Under Sixth Circuit precedent, "[t]he discovery afforded by Federal Rule of Criminal Procedure 16 is limited to the evidence referred to in its express provisions." *United States v. Warshak*, 631 F.3d 266, 275 (6th Cir. 2010) (citing *Presser*, 844 F.2d at 1285 (6th Cir. 1988)). This means that, generally, the government is not required to disclose the names of its witnesses before trial. *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. McCullah*,

---

[4] The Government's response, which was filed on March 8, 2024, states that Defendant has had the discovery for approximately nine months [Doc. 48 p. 5].

11

745 F.2d 350, 353 (6th Cir. 1984); *see also United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"). *But see Roviaro*, 353 U.S. at 60–64 (holding that the informer's privilege does not prevent the disclosure of the identity of active participants in the crime).

Yet, the Court has discretion to order the government to produce discovery not required by Rule 16, including a witness list, pursuant to its inherent powers. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list); *Presser*, 844 F.2d at 1285 n.12 (observing that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it" (citations omitted)). "As a general matter, courts weigh the interests of a defendant in receiving the witness list against the government's countervailing interest in keeping the witness information undisclosed." *United States v. Powell*, No. 12–20246, 2012 WL 6096600, at *6 (E.D. Mich. Dec. 7, 2012). Courts have considered the following factors in making this assessment:

> (i) whether disclosure of the witness list would expedite trial and facilitate docket control; (ii) whether disclosure would cause a security issue for the government witnesses; (iii) the amount of time the defendant already had to research potential witnesses and prepare for investigation; and (iv) whether the government previously turned over information with the identities of government witnesses.

*Id*. (citations omitted).

To the extent Defendant Rose requests a witness list of anyone present at the time officers searched his residence and seized guns, ammunition, and, after seeking a search warrant, controlled substances, Defendant has failed to establish the need for such disclosure. Disclosure of a witness

12

list at this time may serve to expedite the trial, as Defendant asserts, but the Government will disclose Jencks materials the Friday before the trial, and this disclosure will serve to expedite the trial as well. While this factor is neutral or, at most, only slightly favors disclosure, the remaining factors argue against provision of a witness list in this case. The Government asserts that pretrial provision of a witness list raises security concerns for its witnesses because the case involves firearms and drug trafficking [Doc. 48 p. 5]. Defendant Rose has been in possession of discovery for approximately eighteen months, and the Government provided the discovery digitally and in an organized fashion. The Government has provided the body camera videos that depict others present at the time of the search. Considering all of this, the factors weigh against requiring the Government to provide an early witness list.

Finally, although Defendant cites to *Roviaro*, he makes no showing that the disclosure of an informant's identity is necessary to his defense or essential to a fair trial. *See United States v. Dexta*, 136 F. App'x 895, 904 (6th Cir. 2005) ("An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." (citation omitted)); *see also United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) ("A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted." (citations omitted)); *United States v. Sierra-Villegas*, 774 F.3d 1093, 1099 (6th Cir. 2014) ("[A]n in camera hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful.").

Accordingly, the Court **DENIES** Defendant's Motion for Disclosure of Material Witnesses [**Doc. 39**].

## VI. CONCLUSION

For the reasons set forth above, the Court **DENIES**:

1. Defendant's Motion for Bill of Particulars [**Doc. 33**];

2. Defendant's Request for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 35**];

3. Defendant's Motion to Re[quire] the Government to Reveal Any Agreements with or Concessions to Witnesses that May Influence Their Testimony [**Doc. 38**];

4. Defendant's Motion for Disclosure of Material Witnesses [**Doc. 39**];

5. Defendant's Motion for Disclosure of Impeaching Information and Memorandum in Support of Motion [**Doc. 40**]; and

6. Defendant's Motion for Pretrial Production of Witness Statements [**Doc. 41**].

**IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge