UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-51-TAV-JEM |
| | ) | |
| DANIEL MICHAEL ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties came before the undersigned on April 8, 2025, for a scheduled pretrial conference and motion hearing on Defendant's Motion to Supplement Record [Doc. 78] and Motion to Continue Trial and All Related Deadlines [Doc. 85]. Assistant United States Attorney Anne-Marie Svolto appeared for the Government. Attorney Wesley D. Stone represented Defendant Daniel Rose, who was also present.

On December 2, 2025, the undersigned held an evidentiary and motion hearing on Defendant's ten pretrial motions, including a motion to suppress evidence seized from the warrantless search of his residence [Doc. 42], request for a *Franks* hearing regarding the search warrants for a safe and his cellular telephone [Doc. 63], and motion to suppress his post-arrest statement [Doc. 66]. The Government presented the testimony of Knoxville Police Department Officer Austin Jordan, and the parties presented thirty-one exhibits, including nine video clips from body camera videos of at least four officers [*See* Doc. 73, Exhibit & Witness List]. At the conclusion of the hearing, the undersigned granted Defendant's request to supplement his suppression motions with time stamps for the video evidence he referenced. Defendant filed a

ten-page supplement providing additional time stamps[1] and descriptions [Doc. 77-1]. On the same day, Defendant filed a Motion to Supplement the Record asking to the Court to also consider the body camera video of Officer Chandler, who participated in the search of Defendant's residence, as Exhibit 32 to the evidentiary hearing [Doc. 78 p. 1]. He asks the Court "to consider both the entirety of Exhibit 32 and his emphasis to certain portions of that video as stated in [his supplement]" [*Id*. at 2].[2]

The Government responded in opposition to Defendant's Motion to Supplement, arguing that Defendant fails to provide a foundation for the video or to explain why he did not introduce it at the evidentiary hearing when it could have been authenticated and discussed with the witness [Doc. 84 p. 3]. It does not object to the Court's consideration of Defendant's supplement containing time stamps for videos that were introduced at the hearing, although it does not adopt Defendant's interpretation of the videos [*Id*. at 2–3 & n.1].

At the April 7 hearing, Mr. Stone stated that he had clarified with Government's counsel which of the videos provided in discovery is his proposed Exhibit 32. He stated that this video provides additional vantage points and views of the search of the residence and the audio may be clearer than the other body camera videos at some points. AUSA Svolto confirmed that defense counsel identified the proposed video as Officer Chandler's body camera video from the search of the residence. She stated that the Government continues to object to the Court's consideration of this additional video, arguing that it is cumulative of the other videos presented at the evidentiary

---

[1]  Defendant states that the supplement does not supplant but augments the time stamps cited by defense counsel during oral argument at the evidentiary hearing [Doc. 77 p. 1 n.1].

[2]  In his supplement containing the time stamps, Defendant points the Court to ten specific points on the proposed video [*See* Doc. 77-1 p. 10].

hearing, Defendant could have presented it at the hearing, and Defendant has not shown that he would be prejudiced by its exclusion.

After consideration of the parties' arguments, the undersigned **DENIED** the Motion to Supplement Record. Regarding the motion to suppress evidence from the search of the residence, the proposed exhibit appears to be largely cumulative of other video footage introduced during the hearing. As to the request for a *Franks* hearing, it is inappropriate at this stage in the proceedings to call either Officer Jordan or Officer Chandler to testify about the proposed exhibit because such would be tantamount to holding the *Franks* hearing. If the Court ultimately grants the *Franks* hearing, then Defendant may seek to present the proposed video at that time.[3]

The Court next addressed Defendant's motion to continue the April 29, 2025 trial date in this case and asked the parties to address whether this case should be considered complex under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).

Mr. Stone argued that additional time is needed for the Court to rule on Defendant's suppression motions. He noted the large amount of evidence received on the suppression issues at the evidentiary hearing. He also argued that if a *Franks* hearing is granted, that will require additional time. He observed that it is impossible to receive a ruling on his suppression motions in time for the April 29 trial date. Mr. Stone stated that he discussed Defendant's speedy trial rights with Defendant, who agrees with the exclusion of time until the new trial date. He also proffered that Defendant believes his case to be complex but said that he could not speak to that matter without additional research.

---

[3] At Defendant's request and with no objection from the Government, the Court made the proposed video from Officer Chandler's body camera an exhibit to the motion hearing [Exh. 1]. At the hearing, the Court did not view the proposed exhibit.

AUSA Svolto stated that the Government does not oppose an ends-of-justice continuance to allow time for Defendant to prepare for trial. She agreed that the need for a trial continuance outweighs the best interest of the public and Defendant in a speedy trial. AUSA Svolto objected to a finding that the case is complex for speedy trial purposes. She argued that while several officers wearing body cameras were involved in the search of the residence, the Fourth Amendment issues presented in Defendant's motions are not complex, nor are they novel issues of law in this circuit. She also said this case involves "minimal" discovery and a single defendant.

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, accounting for the exercise of due diligence.[4] *See id*. § 3161(h)(7)(B)(iv). In this regard, Defendant has filed dispositive motions seeking to suppress evidence seized in the search of his residence, a safe, and his cell phone and to suppress his post-arrest statement. *See id*. § 3161(h)(1)(D). The undersigned held a lengthy evidentiary hearing on the motion which involved numerous exhibits and multiple body camera videos. After review of this evidence, the parties' arguments, and the relevant case law, the undersigned must prepare a report and recommendation, the parties will file objections and responses, and the District Judge will rule on the motion considering the report and recommendation and the parties' filings. *See id*. § 3161(h)(1)(D) & (h)(1)(H). After receiving the

---

[4] The Court reserves ruling on the question of whether this case is complex for speedy trial purposes. Because sufficient other bases for a continuance presently exist, the Court need not make a determination at this time.

4

Court's ruling, the parties may need time to prepare for trial. The Court finds that all this cannot occur before the April 29 2025 trial date. The parties agreed to a new trial date of October 14, 2025.

The Court therefore **GRANTS** Defendant's unopposed motion to continue the trial. The trial of this case is reset to **October 14, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of Defendant's motion to continue on **April 4, 2025**, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Supplement Record [**Doc. 78**] is **DENIED**;

(2) Defendant's Motion to Continue the Trial and All Related Deadlines [**Doc. 85**] is **GRANTED**;

(3) the trial of this matter is reset to commence on **October 14, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) all time between the filing of Defendant's Motion to Continue on **April 4, 2025**, and the new trial date of **October 14, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 15, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 30, 2025, at 11:00 a.m.**;

(7) the deadline for filing motions in limine is **September 22, 2025**, and responses to motions in limine are due on or before **October 6, 2025**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 3, 2025**.

**IT IS SO ORDERED**.

ENTER:

*Jill E. McCook*
Jill. E. McCook
United States Magistrate Judge