UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:23-CR-51-TAV-JEM |
| ) | |
| DANIEL MICHAEL ROSE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Daniel Michael Rose's Motion to Continue Trial and All Related Deadlines [Doc. 89], filed on September 15, 2025.

Defendant requests the Court to continue trial date currently set for October 14, 2025, and all related deadlines in this matter [*Id.*]. In support of his motion, Defendant states the Court has substituted his current counsel to represent Defendant [*Id.* ¶ 1]. Defendant notes his Motions to Suppress and Request for *Franks* Hearing [Docs. 42, 63 & 66] are still pending before the Court and that the Report and Recommendation has not been issued [*Id.* ¶¶ 2–3]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 5]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on March 8, 2024, Defendant filed a dispositive motion seeking to suppress evidence seized during the execution of a search warrant [Doc. 42]. On November 8, 2024, Defendant filed a supplement to his original motion [Doc 63], as well as a second motion to suppress [Doc. 66]. *See id.* § 3161(h)(1)(D). The undersigned held a hearing on the motions and has prepared a report and recommendation [Doc. 90]. The parties will file objections and responses, and the District Judge will rule on the motion considering the report and recommendation and the parties' filings. The parties will then need time to prepare for trial in light of the Court's rulings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). The Court finds that all of this cannot occur before the October 14, 2025 trial date.

The Court therefore **GRANTS** Daniel Michael Rose's Motion to Continue Trial and All Related Deadlines [**Doc. 89**]. The trial of this case is reset to **January 20, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Daniel M. Rose's Motion to Continue Trial and All Related Deadlines [**Doc. 89**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 20, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 15, 2025**, and the new trial date of **January 20, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 19, 2025**;

(5) the deadline for filing motions *in limine* is **January 5, 2026**, and responses to motions *in limine* are due on or before **January 13, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 8, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 9, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge