# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )
                                    )
v.                                  )        No. 3:23-CR-51-TAV-JEM
                                    )
DANIEL MICHAEL ROSE,                )
                                    )
                  Defendant.        )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Daniel Michael Rose's Motion to Continue Trial and All Related Unexpired Deadlines [Doc. 105], which he filed on April 27, 2026.

Defendant asks the Court to continue the May 12, 2026 trial date, the plea deadline, and all related, unexpired deadlines in this matter [*Id.* at 1]. In support of his motion, Defendant states he is awaiting a ruling on his motions to suppress evidence [*Id.* ¶ 6]. He observes that the undersigned filed a Report and Recommendation to which he has objected and the Government has responded to his objections [*Id.* ¶¶ 3–5]. Defendant contends that the parties have engaged in plea negotiations and that a ruling on the pending suppression motions is necessary to allow him to determine whether he will proceed to trial [*Id.* ¶ 6]. Counsel has discussed the procedural posture of the case with Defendant, who agrees that additional time is needed to review the Court's anticipated ruling on his motions and to prepare for trial [*Id.* ¶ 7]. Defendant has also discussed his speedy trial rights with counsel and consents to the filing of the motion to continue [*Id.*]. The Government does not object to the requested relief [*Id.* ¶ 8].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on February 23, 2024, Defendant filed a dispositive motion seeking to suppress evidence seized during the execution of a search warrant [Doc. 42]. On November 8, 2024, Defendant filed a supplement to his original motion [Doc 63], as well as a second motion to suppress his statements [Doc. 66]. *See id.* § 3161(h)(1)(D). The undersigned held a hearing on the motions and has prepared a report and recommendation [Doc. 90]. The parties have filed objections and responses, and the District Judge has the motions under advisement. After receiving a ruling on the motions, the parties will need time to prepare for trial or a negotiated resolution in light of the Court's rulings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). The Court finds that all of this cannot occur before the May 12, 2026 trial date.

The Court therefore **GRANTS** Daniel Michael Rose's Motion to Continue Trial and All Related Unexpired Deadlines [**Doc. 105**]. The trial of this case is reset to **July 28, 2026**. A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on April 27, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1)  Defendant's Motion to Continue Trial and All Related Unexpired Deadlines [**Doc. 105**] is **GRANTED**;

(2)  the trial of this matter is reset to commence on **July 28, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)  all time between the filing of the motion on **April 27, 2026**, and the new trial date of **July 28, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 29, 2026**;

(5)  the deadline for filing motions *in limine* is **July 13, 2026**, and responses to motions *in limine* are due on or before **July 21, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **July 7, 2026, at 11:00 a.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 17, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3